FISHER, Appellant, v. DUBROCA

---

(March 29, 1926.   Opinion and Decree.)
    (April 26, 1926.  Rehearing Refused.)
    (March 2, 1927.  Opinion and Decree of Supreme Court.)

---

(*Syllabus by the Court*)

1.  **Louisiana Digest—Office and Officer—Par. 50.**

The assessor's salary fund of the Parish of St. Charles, composed of $2000.00 for his salary and an expense allowance of $2000.00, belongs to the assessor of

the parish in the absence of any other claimant to it.

2.  **Louisiana Digest—Office and Officer—Par. 50;  Exemptions from Seizure—Par. 211.**

The provisions of Article 1992 of the Civil Code, and of Articles 644 and 647 of the Code of Practice, and of Act 79 of 1876, conflicting with, or contrary to, the provisions of Act 184 of 1918, p. 347, are repealed by said Act of 1918, and accordingly "money due for the salary of an officer" or "salaries of office" are liable to seizure.

3.  **Louisiana Digest — Laws — Par.  2;  Courts—Par. 1.**

The public policy of this state is dictated primarily by the legislature and not by the judiciary.

Appeal from Twenty-eighth Judicial District Court, Parish of St. Charles. Hon. L. Robert Rivarde, Judge.

Action by Judes G. Fisher against Ralph A. Dubroca.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Andrew H. Thalheim, of New Orleans, attorney for plaintiff, appellant.

Robt. J. Perkins, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J.  This case involves the application of Act 184 of 1918, p. 347, being an act defining exemptions from seizure.

The defendant is the "assessor of the parish of St. Charles".

On October 23, 1924, the plaintiff obtained a judgment against him for $600.00 and interest.

Upon this judgment the plaintiff issued execution and garnisheed the treasurer of

the police jury of the parish of St. Charles, who was served December 31, 1924.

The treasurer answered on January 9, 1925, that he had in his hands and under his control as parish treasurer of the police jury of the parish of St. Charles the sum of $333.33 due Ralph Dubroca as salary due him as assessor of the parish of St. Charles, out of the assessor's salary fund for the month of December, 1924.

On February 23, 1925 the treasurer filed another answer to another garnishment, "that he has in his hands and under his control as parish treasurer of the police jury of the parish of St. Charles the sum of $333.33 due Ralph Dubroca or his office as assessor, $166.66 of which is for salary as assessor, and $166.66 is expenses due for the running of his office as assessor of the parish of St. Charles out of the assessor's salary fund for the month of January 1925".

On February 26, 1925, the plaintiff obtained an ex parte order commanding the police jury to deliver the above sums to the sheriff to be applied to the satisfaction of his writ of fieri facias.

In obedience to this order the police jury turned over its check for ·$666.66 to the sheriff, who held it subject to the further order of the court.

On ·April 14, 1925, the defendant, Dubroca, filed a motion against the sheriff to show cause why the money paid to him by the police jury should not be refunded to the police jury on the following grounds:

1st. That the answers of the parish treasurer "were erroneous and that answers to said interrogations should have stated that any amount held by the police jury was, due to the fund established by

law, known as the Assessor's Salary Fund, and that no funds were held by the parish for defendant herein".

2nd. That defendant is a state officer, that he is assessor of the parish of St. Charles, and that his salary is exempt from seizure under an express law.

3rd. That it is against public policy to allow the salary of a state or parish officer to be seized, thereby impairing the efficiency of the duties to be performed.

On May 29, 1925, judgment was rendered "for the reason that the court finds that the defendant, Ralph A. Dubroca, is a public officer. It is ordered that this rule be made absolute that the garnishment herein issued be set aside"; the court further ordered that the sheriff refund the money received by him from the parish treasurer to be placed into the assessor's salary fund of the parish.

From this judgment the sheriff and the plaintiff, Jules G. Fisher, have appealed.

There is in the record no testimony nor note of evidence.

We shall take up in their order the three grounds for releasing the garnishment.

1st. The treasurer of the police jury has answered under oath to the garnishment first issued as follows:

"That the defendant, Ralph A. Dubroca, is the assessor of the parish of St. Charles, and as such is entitled to receive a salary of $2000.00 per anuum and an expense allowance of $2000 per annum; that said sums are paid out of the assessor's salary fund, which is formed by the payment of assessor's commission received from the various taxing bodies levying taxes in the parish of St. Charles; that the police jury of the parish of St. Charles advances each month to the defendant one-twelfth of said salary and expenses."

To the two garnishments next issued the treasurer has answered, admitting owing the defendant the two months of December, 1924, and January,. 1925, amounting to $666.66.

There is nothing to contradict this answer.

If defendant says that the parish owes him nothing, then he has no interest to complain that it should admit owing him, and consent to pay a judgment against him. If any part of the $4000.00 appropriated to the assessor's "expenses" belongs to anyone else, then the defendant has no right to champion vicariously the other's interest. At any rate, no evidence has been offered to show that the "Expense" belongs to anyone else or that anyone else is interested in it.

2nd. In the case of Heyman vs. Crecheron, No. 8374 of this court, C. B. 59, after an exhaustive review of the law and authorities, we said:

"The provisions of Article 1992 of the Civil Code and of Articles 644 and 647 of the Code of Practice and of Act 79 of 1876, exempting from seizure 'money due for the salary of an officer' or 'salaries of office' are repealed by Act 184 of 1918, p. 347, and such money or salaries are under said statute liable to seizure."

Act 184 of 1918 is a textual reproduction "ipsissimis verbis" of Act 79 of 1876, leaving out only the words, "Nor money due for the salary of an officer". This is a clear indication that it was the evident and only intention of the legislature to exclude "the salary of an officer" from the list of exemptions heretofore existing.

A reconsideration of the opinion does not lead us to believe that we erred.

3rd. The public policy of this state upon that question has been settled by the legislature of this state by Act of 1918, over which we have no supervisory control.

The judgment of the District Court, rendered May 29, 1925, is erroneous, and it is accordingly reversed and set aside; and it is now ordered that the order of the District Court rendered February 26, 1925, commanding the police jury of the parish of St. Charles, through William Lussan, parish treasurer, to deliver the sum of $666.66 to the sheriff of the parish of St. Charles to be applied to the satisfaction of the writs of fieri facias issued herein and in the hands of said sheriff be reinstated, the costs of these proceedings and of this appeal to be paid by the defendant herein.